## Noll v. Graft

*Larry P. Gaitens* and *Scales* and *Shaw,* for plaintiffs.

*Costello & Berk,* for defendant.

*Louis Anstandig* and *Robert Boyer,* for additional defendant.

SCULCO, *J.,* May 3, 1977 — This matter is be-

fore the court en banc on additional defendant Clarence Pogue McFadden's preliminary objection to new matter in the nature of a motion to strike the answer and new matter of defendant, John Graft, Jr.

A companion case was instituted by counsel on April 30, 1976, at no. 1380 of 1976, and this companion case and the instant matter were consolidated for trial by order dated July 16, 1976.

A brief review of the pleadings relevant to this motion is as follows.

On December 29, 1975, a complaint in trespass arising from a motor vehicle collision was filed on behalf of Douglas Noll, a minor, by William Noll and Gladys Noll, his wife, parents of said minor, in their own right, and against John Graft, Jr. and Clarence Pogue McFadden, defendants.

Appearances were entered on behalf of John Graft, Jr. and Clarence Pogue McFadden on January 14, 1976.

On January 30, 1976, Clarence Pogue McFadden filed an answer to complaint and new matter, and on February 3, 1976, an answer to complaint was filed on behalf of John Graft, Jr.

On February 9, 1976, plaintiffs filed an answer to new matter.

Plaintiffs on June 8, 1976, filed an amendment to their complaint in trespass.

On October 7, 1976, plaintiffs filed answer to new matter I filed on behalf of John Graft, Jr. In the new matter II, defendant, John Graft, Jr., joined original defendant, Clarence Pogue McFadden, as an additional defendant alleging that defendant McFadden was solely liable and/or jointly liable with the original defendant, and defendant Graft reserves his right of contribution

and indemnity over and against additional defendant, Clarence Pogue McFadden.

The original defendant McFadden on October 13, 1976, filed a preliminary objection in the nature of a motion to strike the answer and new matter of defendant, John Graft, Jr., which alleged, in part:

(a) that the defendant did not obtain leave of court or an extension of time from counsel to file the said answer and new matter out of time and the same was filed well beyond the appropriate time period;

(b) the answer and new matter II set forth a joinder of defendant Clarence Pogue McFadden as an additional defendant even though Clarence Pogue McFadden is already a defendant in the action.

The additional defendant McFadden concluded that the answer and new matter of defendant, John Graft, Jr., should be stricken for lack of conformity to law and rule of court: thus, this matter is before this court.

The crux of the preliminary objection raised by additional defendant McFadden relates to the issue of whether an answer and new matter filed in excess of the 20-day time limit as set forth in Pa. R.C.P. 1026 and without leave of court or agreement of counsel should be stricken.

Pa. R.C.P. 1026 provides as follows:

"Every pleading subsequent to the complaint shall be filed within twenty (20) days after service of the preceding pleading, but no responsive pleading need be filed unless the preceding pleading contains a notice to defend or is endorsed with a notice to plead."

This language, combined with Pa. R.C.P. 126:

"The rules shall be liberally construed to secure the just, speedy and inexpensive determination of every action or proceeding to which they are applicable. The court at every stage of any such action or proceeding may disregard any error or defect of procedure which does not affect the substantial rights of the parties," sets forth the applicable rules in this matter.

This issue raised by additional defendant was reviewed by the court en banc of Westmoreland County in the matter of Bell and Murphy v. Wisneski, 47 Westmoreland 217 (1965). In that case, the court permitted the filing of an answer and new matter 122 days from the appearance of the original defendant. The court held, on page 220:

" . . . Our Courts have been particularly liberal and forgiving to Counsel who do not comply precisely with the time requirements of our Rules of Civil Procedure."

In Goodrich-Amram 2d Procedural Rules §1045(c): 1, page 572, it states, in part:

"The rule is therefore the same in assumpsit and trespass cases. In either, the answer can be filed at any time and without leave of court, even after the 20-day period has expired, if the plaintiff has not yet taken judgment against the defendant for default, or been prejudiced in any way."

This paragraph continues:

"Prejudice may be shown in a trespass action by lapse of time sufficient to cause the statute of limitations to be a bar to a suit against a third person when ownership and agency are denied, or by the actual commencement of the trial."

A review of the pleadings in this matter fails to convince this court of any prejudice rendered upon named defendant, Clarence Pogue McFadden,

being joined as an additional defendant. Further review fails to show prejudice to any party by the filing of this answer and new matter.

The second issue raised by defendant McFadden relates to his being joined as an additional defendant pursuant to Rule 2252(a) of the Pennsylvania Rules of Civil Procedure. A review of the rules does show that joinder of Clarence Pogue McFadden as an additional defendant is proper under the Pennsylvania Rules of Civil Procedure inasmuch as the original defendant Graft is asserting a right of contribution and indemnity over and against additional defendant. It has long been the practice in this county to permit the joinder of an original defendant as an additional defendant to preserve a party's claim for contribution.

Although Pa. R.C.P. 2252(a) does not support this joinder, Pa. R.C.P. 2252(d) does provide:

"If the person sought to be joined is a party, the joining party shall, without moving for severance or the filing of a praecipe for a writ or a complaint, assert in his answer as new matter that such party is alone liable to the plaintiff or liable over to the joining party or jointly or severally liable to the joining party directly setting forth the ground therefor. The case shall proceed thereafter as if such party had been joined by a writ or a complaint."

This court, therefore, issues the following

## ORDER

And now, May 3, 1977, after due and careful consideration of the pleadings and legal arguments presented in this matter, it is hereby ordered, adjudged and decreed that the named additional defendant's preliminary objection in the na-

ture of a motion to strike the answer and new matter of the original defendant, John Graft, Jr., is without merit and is hereby denied and dismissed.

It is further directed that the additional defendant has 20 days to file the appropriate pleadings.